UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,

        Plaintiff,              Case No. 1:07-cv-494

v.                                         Honorable Wendall A. Miles

JOAN FIELDS,

        Defendant.
                                      /

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. On June 22, 2007, this Court ordered service of Plaintiff's complaint on Defendant Joan Fields. On July 30, 2007, Defendant filed a motion for summary judgment and brief (docket ##8, 9) on the ground that Plaintiff failed to exhaust his available administrative remedies. They filed a supplement to their brief (docket #11) on July 31, 2007. Plaintiff filed a response (docket #14-1) and affidavit (docket #14-2) on or about August 15, 2007, and a supplemental response (docket #16) on August 23, 2007. Upon review, I recommend that Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be denied.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **Facts**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Lakeland Correctional Facility, though the actions he complains of occurred while he was housed at the Muskegon Correctional Facility (MCF). In his *pro se* complaint, he sues MCF Mail Room Worker Joan Fields.

Plaintiff alleges that, shortly after his arrival at MCF on January 24, 2007, he began to notice that his incoming mail was regularly delayed by periods exceeding ten days, in violation of departmental policy. Defendant Fields then issued a series of mail rejections, forwarding both the rejected and non-rejected parts of the mail to the Resident Unit Manage (RUM) for hearing, rather than immediately delivering to Plaintiff all but the rejected portions of the mail. On March 14, 2007, Plaintiff executed an affidavit attesting to Fields' violations of mail policies. The affidavit was used as evidence in support of a two-issue Warden's Forum agenda that Plaintiff submitted to his housing unit representative. Plaintiff filed an institutional grievance (MCF 07-03-0325-15E) against Fields on March 30, 2007, raising her practice of forwarding non-rejected mail to the RUM rather than delivering it directly to Plaintiff. Plaintiff also mailed a copy of his affidavit to a friend, Sandra

Savick, who, on April 11, 2007, filed an MDOC Employee Complaint Form (CAJ-307) against Defendant Fields on the basis of Plaintiff's averments.

On April 11, 2007, Fields responded to Plaintiff's March 30, 2007 Step I grievance, which objected to her handling of non-rejected mail. Plaintiff alleges that allowing Fields to respond to the grievance violated MDOC policy and was procedurally defective because those being grieved are not permitted under the policy to serve as respondents to a grievance. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶U (eff. March 5, 2007). On April 20, Kenneth MacEachern, Administrative Assistant in the MDOC Internal Affairs Division, responded to Ms. Savick's complaint.

On April 15, 2007, Fields issued a minor misconduct report against Plaintiff on the grounds that Plaintiff had used a metered envelope belonging to another prisoner. On May 5, 2007, Plaintiff received a hearing and was found guilty of the misconduct. No good time credits were lost, but Plaintiff was placed on top lock for five days. Plaintiff filed an appeal of the misconduct decision, alleging that the misconduct ticket had been issued in retaliation for the filing of his grievance against Fields and for the filing of Ms. Savick's complaint against Fields. The appeal appears to have been denied on May 7, 2007.[1] (Def. Supp. to Br. in Supp., Ex. 6; docket #11.) Plaintiff alleges that he was not permitted by policy to file a grievance about the motivation for the misconduct ticket.

As the sole claim in his civil rights action, Plaintiff alleges that Fields issued a minor misconduct ticket against him in retaliation for filing grievances and taking other actions to challenge her application of the mail policy.

---

[1] The copy of the appeal submitted by Defendant is barely legible.

**Discussion**

I.    Applicable Law

Defendant claims that she is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

II.    MDOC Grievance Policy

MDOC Policy Directive 03.02.130 (effective March 5, 2007),[2] sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance

---

[2]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the March 5, 2007 version of the policy directive was in effect at all times applicable to this lawsuit.

process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P, V.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ V.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶¶ T, BB.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ."  *Id.* at ¶ s.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the

prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130. *Id.* at ¶Q. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

### III. Exhaustion

Defendant first argues that Petitioner filed three grievances about his treatment at MCF: MCF 2007-04-373-07a; MCF 2007-05-477-27b; and MCF 2007-03-325-15e. The first two of these grievances do not involve the claims in issue in the complaint. The third grievance, MCF 2007-03-325-15e, was received at Step III on May 21, 2007, four days after Petitioner filed his federal complaint. The response was not issued until June 14, 2007. Defendant argues that, because Plaintiff had not exhausted his administrative remedy prior to filing his federal complaint, the complaint should be dismissed. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("exhaustion is a prerequisite to suit") (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (a prisoner "may not exhaust administrative remedies during the pendency of the federal suit").

Defendant unquestionably is correct that the three grievances identified by Defendant fail to demonstrate that Petitioner exhausted his administrative remedies. Defendant is further correct that none of Plaintiff's grievances made an allegation of retaliation. Instead, Grievance No. MCF 2007-03-325-15e complains only about the various ways in which Defendant violated MDOC

mail policy and interfered with his mail delivery. As a result, even were the cited grievances fully resolved prior to the filing of the complaint, they would not have exhausted Plaintiff's retaliation claim, the only claim raised in this Court.

Plaintiff responds, however, that he does not rely on any of the three grievances as evidence of exhaustion. Instead, Plaintiff contends that, because his claims involve a misconduct proceeding, the grievance process was unavailable to him. He asserts that he has exhausted his available administrative remedies by filing an appeal of his misconduct conviction.

In her initial response, Defendant specifically argued that a prisoner may not file a grievance to challenge a minor misconduct conviction. Instead, Defendant stated, policy requires the filing of an appeal to the Assistant Deputy Warden or appropriate Field Operations Administration Manager. (Def. Ex. 7, MICH. DEP'T OF CORR., Policy Directive 03.03.105, ¶ G (eff. 1/1/2007).) Defendant argued that, because Plaintiff failed to file an appeal under the policy, his claim was not exhausted. Somewhat contradictorily, Defendant also argued that Petitioner was able and required to file a grievance regarding alleged retaliation, as the grievance policy bars only those grievances concerning the *decisions* made in misconduct hearings, not grievances concerning the *motive* for issuing a ticket.

With respect to her first argument, Defendant belatedly attached a copy of the minor misconduct decision and Plaintiff's appeal of that decision in a supplement to her brief in support of the motion for summary judgment. (Supp. to Def. Brief, Ex. 5, 6; docket #12.) The submission undermined her first contention – that Plaintiff was required and failed to appeal the result of the misconduct hearing.

In both the misconduct violation report and in his appeal, Plaintiff strenuously argued

that he had been issued a ticket in retaliation for filing grievances against Defendant and that, while he admitted the misconduct, he had been singled out for prosecution and treated differently than other prisoners, for whom such mail is merely confiscated. Defendant asserts Plaintiff's plea of guilty (albeit while asserting mitigating circumstances) made his appeal improper. Defendant further argues that Plaintiff nevertheless was required to file a grievance alleging retaliation in order to exhaust available administrative remedies.

Defendant's first argument is meritless. If Plaintiff is not permitted to appeal a guilty plea to a misconduct charge, the appeal process would be rendered unavailable, and Plaintiff would therefore have no administrative remedy to exhaust. The unavailability of the appeal would not lead to a conclusion that Plaintiff failed to exhaust his administrative remedies.

Defendant's second requires more discussion. The grievance policy states in relevant part:

> F.   . . . Grievances that raise the following non-grievable issues also shall be rejected:
>
> . . .
>
> 2.   Decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing).
>
> . . .
>
> 4.   Decisions made in minor misconduct hearings, including property disposition.

MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(2), (4). According to the policy itself, grievances may not be filed regarding grievance *decisions*. Nevertheless, at least for decisions made

by hearing officers under subsection 2 of the policy, such "decisions" also include "issues directly related to the hearing process . . . ."

Moreover, Plaintiff has presented significant evidence that the policy was construed by the prison officials to preclude the filing of grievances that in any way touch on the substance of any misconduct hearing. First, Plaintiff avers that he specifically asked the MCF Grievance Coordinator, Matt Brevard, whether he was permitted to file a grievance about the retaliatory nature of a misconduct report. Brevard emphatically told Plaintiff, "NO." (Pl. Resp. to Mot., App. B, ¶ 4; docket #14.) Brevard also told Plaintiff that he had better find someone else to write his grievance, as prisoners were only entitled to one grievance per year. (*Id.*) In subsequent conversations, Brevard told Plaintiff that if he continued to file "non-grievable" grievances, Brevard would issue a misconduct report and place Plaintiff on grievance restriction. (*Id.*, ¶ 5.) Plaintiff further averred that, during the preceding three years, he had filed numerous grievances that had been twisted and construed as non-grievable by various grievance coordinators. (*Id.*, ¶ 6.) In addition, Plaintiff has submitted a copy of the Departmental Grievance Category List, which describes as non-grievable issues "[d]ecisions made in hearings conducted by hearing officers in major and minor misconduct hearings and issues directly related to the misconduct hearing process of the Office of Policy and Hearings, Hearings and Appeals Division." (Pl. Resp. to Mot., App. A, #27; docket #14.) Finally, Plaintiff has presented copies of another prisoner's efforts to grieve the motive behind the issuance of a misconduct ticket. The grievances were rejected as non-grievable because the "concerns are related to a misconduct ticket." (Pl. Supp. Resp. to Mot., Ex. C; docket #16.)

Plaintiff's averments and attachments raise a genuine issue of fact whether the

grievance process was actually "available" to him to challenge the motive for the filing of the misconduct ticket. Although the grievance policy could be construed very narrowly to permit the filing of a retaliation grievance, Plaintiff's evidence, if believed, would demonstrate that hearing officers enforced a broad interpretation of the policy, rejecting all grievances that relate in any way to a misconduct charge. In applying the exhaustion requirement, courts have recognized that exceptions to the "proper exhaustion" requirement are necessary for "special circumstances" that may justify a failure to comply with administrative procedural requirements. *See Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004); *Spruill v. Gillis*, 372 F.3d 218, 234 (3d Cir. 2004) (holding that a prison grievance system determines the scope of procedural requirements, but such requirements must be consistent with the federal constitution and federal policy). Other courts addressing "proper exhaustion" have noted that exceptions to the doctrine must be provided for circumstances in which defendants have interfered with the prisoner's ability to exhaust. *See Zamboroski v. Karr*, No. 04-73194, 2007 WL 541921, at *5 (E.D. Mich. Feb. 16, 1997) (where defendants' conduct renders grievance process a nullity, grievance deemed exhausted); *Flory v. Claussen*, No. C06-1046-RSL-JPD, 2006 WL 3404779, at *4 (W.D. Wash. Nov. 21, 2006) (prisoner's efforts to exhaust with wrong entity deemed to be proper exhaustion where prison policy was unclear and prisoner relied on defendants' advice).

    Here, Plaintiff challenged the retaliatory motive in his misconduct hearing and in his appeal of the misconduct finding. Nothing in those decisions suggests that it was improper for the hearing officer to consider motivation as a reason for finding Plaintiff not guilty of the misconduct. Further, Plaintiff's evidence suggests that hearing officers routinely rejected any grievance related to a misconduct proceeding as improper and that the MCF hearing officer expressly told Plaintiff

that a retaliation grievance would be rejected as improper. As a result, Defendant has failed to meet her burden of showing "that no reasonable trier of fact could find other than for the moving party." *Calderone*, 799 F.2d at 259.

## Recommended Disposition

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (docket #8) based on Plaintiff's failure to exhaust his available administrative remedies be denied.

Date: March 3, 2008                                /s/ Ellen S. Carmody
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).