UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,

    Plaintiff,   Hon. Wendell A. Miles

v.   Case No. 1:07 CV 494

JONI FIELDS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Joni Fields' Rule 56(b) Motion for Summary Judgment. (Dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

In his complaint, Plaintiff asserts the following. Plaintiff arrived at the Muskegon Correctional Facility (MCF) on January 24, 2007. After his arrival at MCF, Plaintiff "began to notice that his incoming [mail] was being delayed for periods in excess of ten days by Defendant Fields" in violation of prison policy. Plaintiff subsequently "began a rigorous campaign of administrative processes in order to bring Defendant Fields into compliance with departmental policy."

Specifically, on March 14, 2007, Plaintiff executed an affidavit in which he asserted that Defendant Fields was not delivering his mail in a timely fashion. Plaintiff later submitted this affidavit to the Warden's Forum. Plaintiff also mailed this affidavit to a "private citizen" in an attempt to gain Defendant Fields' compliance with departmental mail policy. Plaintiff has failed to indicate the dates on which these actions occurred. On March 30, 2007, Plaintiff filed a grievance against Defendant Fields regarding her alleged failure to timely deliver Plaintiff's mail.

On April 25, 2007, Defendant Fields issued Plaintiff a Minor Misconduct Report charging Plaintiff with possessing "contraband for having allegedly utilizing (sic) a metered envelope belonging to an unknown and believed non-existent prisoner." Plaintiff asserts that Defendant Fields issued this misconduct violation in retaliation for his attempts to "bring Defendant Fields into compliance with departmental policy." Defendant Fields now moves for summary judgment.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## **ANALYSIS**

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

1.  Protected Conduct

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). This protection also guarantees to inmates the right to file non-frivolous grievances. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected conduct); *Eby*, 481 F.3d at 440 (same).

Plaintiff asserts that Defendant Fields charged him with a minor misconduct violation in retaliation for filing a grievance against her. There is no evidence that this grievance was frivolous and Defendant Fields does not dispute that Plaintiff was engaged in protected conduct.

      2.      Adverse Action Which Would Deter a Person of Ordinary Firmness

As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603. Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* Charging an inmate with a misconduct violation, even a minor violation, constitutes neither an inconsequential nor de minimis action. Accordingly, the Court finds that there exist unresolved questions of fact regarding this particular element of the analysis.

      3.  Causal Connection

Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue and while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of

retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if the official demonstrates that she "would have taken the same action even without the protected activity," she is entitled to summary judgment. *Eby*, 481 F.3d at 441-42.

Michigan Department of Corrections policy provides that "[i]f an item is believed to be contraband, it shall be confiscated and. . .[t]he prisoner also shall be issued either a misconduct report. . .or a Notice of Intent to Conduct an Administrative Hearing." Michigan Department of Corrections Policy Directive 04.07.112 ¶ GG (effective November 15, 2004). According to MDOC operating procedure:

> Metered envelopes in a prisoner's possession which reflect tampering, or do not reflect the name and number of the prisoner who is in possession of the envelope, will be confiscated and treated as contraband as identified in [Policy Directive] 04.07.112, *Prisoner Personal Property*. The envelope shall not be considered altered solely due to the prisoner correcting the return address information to reflect the facility the prisoner is currently housed at.

Michigan Department of Corrections Operating Procedure 04.02.130 CFA ¶ J (effective July 7, 2003).

Defendant Fields asserts in her affidavit that she issued the minor misconduct violation at issue because Plaintiff had in his possession a metered envelope belonging to another prisoner in violation of the aforementioned policies and procedures. (Dkt. #23, Exhibit A and Attachment A-5). Plaintiff did not dispute the charge, pleading "guilty with mitigating circumstances," namely that he was indigent. (Dkt. #23, Exhibit A and Attachment A-6). Plaintiff was found guilty of the charge. (Dkt. #23, Exhibit A and Attachment A-6). Defendant Fields has demonstrated that her decision to charge Plaintiff with a minor misconduct violation was not related to the grievance Plaintiff filed, but was instead caused by Plaintiff's conduct (which he does not dispute) that was in violation of MDOC policy. Accordingly, the Court recommends that Defendant Fields is entitled to summary judgment.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendant Joni Fields' Rule 56(b) Motion for Summary Judgment, (dkt. #22), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  December 17, 2008                     /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge