UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,

        Plaintiff,

                                            File No.  1:07-CV-494

v.

                                            HON. ROBERT HOLMES BELL

JONI FIELDS,

        Defendant.
                                  /

**ORDER AND JUDGMENT APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 17, 2008, United States Magistrate Judge Ellen S. Carmody issued a report and recommendation ("R&R") recommending that Defendant Joni Fields's motion for summary judgment (Dkt. No. 22) be granted and that Plaintiff's action be dismissed. (Dkt. No. 30.) Plaintiff filed objections to the R&R on December 31, 2008. (Dkt. No. 31.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends that summary judgment be granted in favor of Defendant because Defendant demonstrated that her decision to charge Plaintiff with a minor misconduct violation was not related to the grievance Plaintiff filed against her, but was

instead caused by Plaintiff's violation of Michigan Department of Corrections ("MDOC") policy. *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007).

Plaintiff objects to the R&R because he contends that the Magistrate Judge ignored Plaintiff's evidence that a month previously Defendant issued a notice of intent rather than a misconduct violation to prisoner Phillip Reynolds for using another prisoner's metered envelope. Plaintiff contends that this evidence was sufficient to demonstrate the existence of a material issue of fact as to whether Defendant would have issued him a minor misconduct violation if he had not engaged in the protected activity.

Defendant presented evidence that she discussed Plaintiff's use of another prisoner's metered envelope with supervisory staff before deciding to issue Plaintiff a minor misconduct violation for contraband. (Dkt. No. 23, Def.'s Br., Ex. A, Fields Aff. ¶ 10.) The evidence supporting the issuance of a minor misconduct violation included Plaintiff's own admission that he had used another prisoner's envelope. (*Id.* at ¶ 9.)

Prison policy provides that if a prisoner is in possession of contraband he shall be issued either a misconduct report or a notice of intent to conduct an administrative hearing. MDOC Policy Directive 04.07.112 ¶ GG (effective Nov. 15, 2004). Evidence that on another occasion Defendant issued a notice of intent rather than a minor misconduct for use of another prisoner's metered envelope does not create an issue of fact as to whether Defendant's decision to issue Plaintiff a misconduct report was retaliatory. Either response is appropriate, and in Plaintiff's case Defendant had an admission from Plaintiff that he in

fact had engaged in misconduct. Because there is no suggestion that prisoner Reynolds's situation was similar, Defendant's issuance of a notice of intent to Reynolds is not sufficient to create an issue of fact as to Defendant's motive in issuing Plaintiff the misconduct report. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 31) are **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's December 17, 2008, R&R (Dkt. No. 30) is **APPROVED** and **ADOPTED** as the opinion of the Court, and Defendant's motion for summary judgment (Dkt. No. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that a **JUDGMENT** of no cause of action is entered in favor of Defendant Joni Fields.

This case is **CONCLUDED**.

Dated: March 4, 2009                                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE